BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
BRYCE B. ELLSWORTH, IDAHO STATE BAR NO. 8254
JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ASSISTANTS UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE: (208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>TOMMY BASCO,<br><br>  Defendant. | Case No. 17-cr-00120-S-BLW<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. August 2017 (General)

I.  **GUILTY PLEA**

   A.  **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C) the defendant, the attorney for the defendant, and the government[1] agree that the defendant will waive indictment and plead guilty to count one of the superseding information, which charges the defendant with distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

   This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government, under Federal Rule of Criminal Procedure 11(c)(1)(A), agrees not to file a sentencing enhancement under 21 U.S.C. § 851 and will dismiss the original indictment. Additionally, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the following sentence is the appropriate disposition of the case, and that such request will bind the court once the court accepts the plea agreement; a sentence of 120 months imprisonment, to run concurrently to the defendant's sentence in state court case number CR01-16-35715, starting on the date of sentencing in this case.

   B.  **Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

II. **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

   The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense(s) charged against the defendant and to persist in that

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant. If the court accepts the defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

**A.  Elements of the Crime.** The elements of the crime of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as charged in the superseding information, are as follows:

1. The defendant knowingly or intentionally distributed a mixture and substance containing a detectable amount of methamphetamine;

2. The defendant knew that it was methamphetamine or some other prohibited drug;

**B.  Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

On October 25, 2016, C.P.C. was with the defendant and others at the defendant's residence in Boise, Idaho. C.P.C. and others at the residence were using drugs, including methamphetamine and heroin. While at the defendant's residence, C.P.C. overdosed and became unconscious. In an attempt to revive C.P.C., the defendant injected him with a syringe that held a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. The defendant knew he was injecting methamphetamine into the victim. Sometime after the defendant injected C.P.C. with methamphetamine, C.P.C. died.

## IV. SENTENCING FACTORS

**A. Penalties.** A violation of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), as charged in count one of the superseding information, is punishable by a term of imprisonment of up to 20 years imprisonment, a term of supervised release of at least 3 years, a maximum fine of $1,000,000, and a special assessment of $100.

**B. Supervised Release.** The court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crime to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

**C. Fines and Costs.** The court may impose a fine. No agreement exists as to the amount of the fine. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

**D. Special Assessment.** The defendant will pay the special assessment before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 550 West Fort Street, Fourth Floor
> Boise, Idaho 83724.

**E. Restitution.** In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute. The defendant agrees to pay at least $5769.62 in restitution. The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments

**Plea Agreement**  3  Rev. August 2017 (General)

and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1.

F.  **Victim Impact Statements.** The parties stipulate and agree that the parents of C.P.C. may give statements to the Court, in writing or in person, at the time of sentencing, pursuant to 18 U.S.C. § 3771(a)(4).

V.  **UNITED STATES SENTENCING GUIDELINES**

A.  **Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG.

B.  **Sentencing Guidelines Recommendations and Requests.**

1.  **Government's Statements at Sentencing.** The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of the stipulated recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2.  **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is

level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

## VI. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A. **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. The waiver of the challenge to the conviction includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

B. **Exceptions:**

1. **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

    a.  the sentence imposed by the court exceeds the parties' stipulated recommendation, despite the court's acceptance of the binding plea agreement.

**Plea Agreement**            5            Rev. August 2017 (General)

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government. The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in

18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## IX. RIGHT TO WITHDRAW PLEA UNDER RULE 11(c)(4), (5)

The defendant understands that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this plea agreement binds the Court to sentence the defendant to the recommendation agreed to by the parties. In the event the Court indicates that it rejects the plea agreement, the court will:

(A) Inform the parties that the court rejects the plea agreement;

(B) Advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and

(C) Advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

In the event the court accepts the plea agreement by informing the defendant that the agreed upon disposition will be included in the judgment, the defendant will have no right to withdraw his plea.

X. **CONSEQUENCES OF VIOLATING AGREEMENT**

    A. **Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

    The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

    B. **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

    Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XI. MISCELLANEOUS

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho). The government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of defendant' or counsel.

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on May 13, 2018.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____     5/11/2018
BRYCE B. ELLSWORTH                                    Date
Assistant United States Attorney

**ACCEPTANCE BY DEFENDANT AND COUNSEL**

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____                    _5-11-18_____
TOMMY BASCO                                   Date
Defendant

    I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____                    _5-11-18_____
MARK ACKLEY                                   Date
Attorney for the defendant